**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:17-cv-00856-BRO (KES)                     Date: May 11, 2017

Title: THOMAS WALTER CLARK v. NEIL MCDOWELL, Warden

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                          None Present

**PROCEEDINGS (IN CHAMBERS):**     Order to show cause why Petition should not be dismissed for lack of jurisdiction (Dkts. 1 and 2.)

Thomas Walter Clark ("Petitioner") filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 on May 3, 2017. Petitioner did not pay his filing fee or file a request to proceed in forma pauperis ("IFP"). He purports to challenge his 1996 conviction[1] for second degree robbery. (Dkt. 1 at 2.) The Court has screened this Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. The Petition suffers from numerous deficiencies.

**A. Background**

In 1996, Petitioner pled guilty in the Superior Court of San Bernardino County to second degree robbery. (Dkt. 1 at 2.) He was sentenced to three years in state prison. (Id.)

---

[1] Petitioner claims that he was convicted on November 21, 1995. (Dkt. 1 at 2.) However, Petitioner's attached plea agreement from said conviction is dated January 25, 1996. (Dkt. 2 at 39-42.) It appears that Petitioner was *charged* in 1995, but pled guilty and was convicted in 1996. Therefore, the Court will refer to Petitioner's prior conviction as the 1996 conviction.

The Court takes judicial notice of the California Court of Appeal's website, which shows that in 2012, Petitioner pled guilty in the Superior Court of San Diego County to two counts of first degree robbery, one count of assault with a semi-automatic firearm, and one count of false imprisonment. See also People v. Clark, 2012 WL 6604741 (Cal. App. 4th. Dec. 19, 2012). He also admitted his 1996 conviction, which qualified as a prior strike and a serious prior felony. Id. Petitioner was sentenced to 45 years in prison. Id.

Petitioner began filing state habeas petitions challenging his 1996 conviction in 2016 (i.e., after it was used to enhance his 2012 sentence). On February 9, 2016, the Superior Court of San Bernardino County denied his petition as untimely and on the merits. (Dkt. 2 at 26-29.) The California Court of Appeal summarily denied his petition without comment or citation on June 13, 2016. (Id. at 31.) The California Supreme Court denied his petition on December 16, 2016 with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-769 (1993) indicating the petition was untimely. (Id. at 33.)

**B. To the extent Petitioner challenges his 1996 conviction, the Court lacks subject matter jurisdiction and the Petition is untimely.**

    **1.    Petitioner is no longer "in custody" pursuant to his 1996 conviction.**

Section 2254(a) states a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is jurisdiction, and "therefore is the first question [the Court] must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" once the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 491 (1989).

Here, Petitioner was sentenced to a term of three years in 1996. Presumably, Petitioner has completed that three year sentence. Petitioner has not indicated that he is still subject to probation for that 1996 conviction. Currently, Petitioner is serving a prison sentence for a conviction sustained in 2012. The mere fact that his 2012 conviction was enhanced by his 1996 conviction does not mean that he is "in custody" pursuant to his 1996 conviction. Maleng, 490 U.S. at 492-93. Thus, to the

extent Petitioner challenges his 1996 conviction directly, the Petition should be dismissed for lack of subject matter jurisdiction. See id. at 491.

**2. The Petition is untimely.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added). Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v.

Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For those prisoners whose convictions became final before AEDPA's effective date, the one-year period began running on April 25, 1996. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). Accordingly, "unless a subsection of Section 2244(d) calls for a later initiation of the limitations period," state prisoners whose convictions were final before April 24, 1997, had until April 24, 1997, to file a federal habeas petition. Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001).

Petitioner did not appeal his 1996 conviction to the California Court of Appeal. (Dkt. 1 at 2.) Petitioner's conviction became final for AEDPA purposes 60 days after his conviction. See Cal. R. Ct. 8.308(a) ("a notice of appeal … must be filed within 60 days after the rendition of the judgment …."); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (where Petitioner did not appeal, "his conviction became final … 60 days after the judgment of conviction"). Therefore, because Petitioner's conviction became final just before AEDPA's effective date, his time for filing a § 2254 habeas petition challenging that conviction expired on April 24, 1997. Petitioner missed this deadline by approximately 20 years.

Petitioner began filing state habeas petitions challenging his 1996 conviction in 2016. Petitioner is not entitled to statutory tolling for the pendency of these petitions because he did not initiate them during the AEDPA limitations period. Therefore, the instant Petition, if construed as directly challenging Petitioner's 1996 conviction, is untimely.

C. **To the extent Petitioner challenges his 2012 conviction, *Lackawanna* bars the Petition.**

Petitioner acknowledges that the Supreme Court has foreclosed the possibility of challenging a prior conviction through an enhanced sentence, and declares that this is why he chose to challenge his 1996 conviction directly.[2]

---

[2] Petitioner cites Custis v. United States, 511 U.S. 485 (1994) for the proposition that a petitioner cannot collaterally attack the validity of previous state convictions that are used to enhance his sentence. (Dkt. 2 at 10.) The decision in Custis only applies to federal prisoners challenging their enhanced sentences under the federal Armed Career Criminals Act. However,

Petitioner is correct; a state prisoner cannot challenge his enhanced conviction by attacking the constitutionality of his prior conviction. The United States Supreme Court has held:

> Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

<u>Lackawanna Cty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 403-04 (2001).

Therefore, even if the Court were to construe the instant Petition as challenging his enhanced 2012 conviction (i.e., the conviction for which he is currently in custody) on the ground that his 1996 conviction was unconstitutionally obtained, then Petitioner would still not be entitled to relief.

None of the exceptions outlined in <u>Lackawanna</u> and Ninth Circuit precedent apply here. First, <u>Lackawanna</u> recognized that a court may review a petition "when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained were there was a failure to appoint counsel in violation of the Sixth Amendment." <u>Id.</u> at 404 (citing <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963)). Petitioner does not allege that he was deprived of counsel in connection with his 1996 conviction; indeed, he was represented by counsel. (<u>See</u> Dkt. 2 at 39 [Petitioner's 1996 plea declaration, in which he declares that he has discussed the plea deal with his attorney. The declaration is also signed by Petitioner's attorney].) Petitioner's claim that his 1996 trial counsel was ineffective does not warrant the application of this exception. Indeed, in <u>Lackawanna</u>, despite the lower court's finding that the petitioner's prior conviction resulted from ineffective assistance of counsel, the Supreme Court concluded that the petitioner did not qualify to have his habeas petition reviewed. <u>See</u> <u>Lackawanna</u>, 532 U.S. at 406.

---

Petitioner is correct that a similar bar exists for state prisoners challenging prior convictions, as discussed below.

Second, the plurality in <u>Lackawanna</u> suggested another exception to the rule where a petitioner obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." <u>Id.</u> at 405. Petitioner does not present new evidence of actual innocence. Rather, he only argues that his 1996 trial counsel was ineffective for failing to advise Petitioner adequately of his rights prior to pleading guilty. (Dkt. 2 at 8-9.)

Finally, the Ninth Circuit recognized an exception to the <u>Lackawanna</u> rule where state courts had "'without justification, refuse[d] to rule on a constitutional claim that has been properly presented' to them." <u>Dubrin v. California</u>, 720 F.3d 1095, 1099 (9th Cir. 2013). Petitioner does not assert that any state court refused to rule on a properly presented constitutional claim challenging his 1996 conviction. After reviewing Petitioner's exhibits consisting of his 2016 habeas petition to the San Bernardino Superior Court and each of the California courts' denials of each of his state petitions, the Court cannot find an instance where any California courts may have ignored a valid constitutional claim timely raised by Petitioner. Thus, Petitioner's claim that his prior conviction was invalid is foreclosed under <u>Lackawanna</u>, and he may not challenge the use of that conviction as an enhancement of his 2012 conviction.

The Court recognizes that this leaves Petitioner with no present avenue to challenge his 1996 conviction. A direct challenge is both jurisdictionally barred and untimely, as discussed above, while an indirect challenge is precluded by <u>Lackawanna</u>. Petitioner's only course of action would have been to challenge his 1996 conviction by appealing the conviction and pursuing state and federal habeas relief when those options were statutorily available. Petitioner chose not to do so, and he cannot revive his challenge 20 years later.

### D. **Four of Petitioner's claims are not federally cognizable.**

Three of Petitioner's claims challenge the state habeas process itself. Petitioner argues that the "reviewing courts" and appellate court violated numerous sections of California Rule of Court § 4.551, and that "California [habeas] procedures are inadequate and ineffective to challenge strikes in a new criminal proceeding." (Dkt. 2 at 7-8, 10-11.) Claims of state law error during a state habeas proceeding are attacks on a proceeding collateral to the one that resulted in

petitioner's custody, and therefore are not cognizable in a federal habeas corpus proceeding. <u>Gerlaugh v. Stewart</u>, 129 F.3d 1027, 1045 (9th Cir.1997), <u>cert. denied</u>, 525 U.S. 903 (1998); <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam), <u>cert. denied</u>, 493 U.S. 1012 (1989). Further, these claims do not alleged violations of federal constitutional law. Rather, Petitioner alleges violations of state court rules. It is not the role of this Court to examine questions of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).

Petitioner also contends that the Superior Court "willfully violated the new U.S. Supreme Court ruling in <u>Montgomery</u> overruling <u>Teague</u>" when it denied Petitioner's habeas petition on February 2016. Petitioner argues that in this "<u>Montgomery</u>" decision, the Supreme Court "determined that changes in substantive law, which affect the outcome in the original proceeding now applies (sic) retroactively." (Dkt. 1 at 5.) Petitioner is apparently referring to the Supreme Court's decision in <u>Montgomery v. Louisiana</u>, __ U.S. __, 136 S. Ct. 718 (2016). Petitioner's contention that <u>Montgomery</u> overruled <u>Teague v. Lane</u>, 489 U.S. 288 (1989) is erroneous. Rather than overruling <u>Teague</u>, <u>Montgomery</u> merely applied the retroactivity analysis that <u>Teague</u> created for new substantive rules of federal constitutional law. <u>Montgomery</u> held that the Supreme Court's decision in <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), which prohibited mandatory life sentences without parole for juvenile offenders, announced a new substantive constitutional rule that applied retroactively on state collateral review. 136 S. Ct. at 733. <u>Montgomery</u>'s limited holding only applies to convictions in which juvenile offenders were sentenced to life without parole. As Petitioner was sentenced to a three year prison term, the decision in <u>Montgomery</u> is inapplicable to his case.

Only one of Petitioner's grounds appears cognizable on federal habeas review. Petitioner contends that his 1995 trial counsel was ineffective because counsel "failed to investigate the facts … before advising the petitioner to plead to the inflated charges." Petitioner claims that he was "not made aware of the elements of second degree robbery, [] the state's burden of proof in trial … [or] his statutory right to move for dismissal or reduce the charges by filing a § 995 motion." Petitioner contends that counsel's ineffectiveness rendered his plea unintelligent and involuntary. (Dkt. 2 at 8-9.) However, because this claim is barred by <u>Lackawanna</u>, the Court cannot consider its merits.

**E. Order.**

Accordingly, based upon the Petition, Memorandum of Points and Authorities, and exhibits submitted, this action appears subject to dismissal. Rule 4, Rules Governing Section 2254 Cases (a judge must "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition"). Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response **on or before June 12, 2017.**

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court shall please attach a Notice of Dismissal form. However, the Court warns that any dismissed claims, if later re-filed, may be later to the statute of limitations under Section 2244(d)(1), quoted above.

Petitioner has also failed to pay the $5.00 filing fee or submit a request to proceed IFP in this action. Petitioner informed the Court that "once the case number is assigned [he] will have [his] family forward the $5.00 filing fee." If Petitioner chooses not to voluntarily dismiss his Petition, he shall either insure the filing fee is paid or submit a request to proceed IFP **on or before June 12, 2017.** The Clerk of Court shall please attach an IFP request form to this order.

The Court also notes that if Petitioner wishes to directly challenge his 2012 conviction, he may choose to file a habeas petition either in this district, where he is currently confined, or in the Southern District of California, where his 2012 conviction took place. The Court notes that it is this district's general practice to transfer habeas cases to the district in which the petitioner's challenge conviction took place.

The Court warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action based upon lack of subject matter jurisdiction, untimeliness, Lackawanna, and/or failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____   _____
*Date*   *Signature of Attorney/Party*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF,<br>v.<br><br>DEFENDANT(S). | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case; that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed in prison? ☐Yes ☐No

    a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b. State the place of your incarceration _____.
    Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
    a. Business, profession or form of self-employment?   ☐Yes ☐No
    b. Rent payments, interest or dividends?              ☐Yes ☐No
    c. Pensions, annuities or life insurance payments?    ☐Yes ☐No
    d. Gifts or inheritances?                             ☐Yes ☐No
    e. Any other income (other than listed above)?        ☐Yes ☐No
    f. Loans?                                             ☐Yes ☐No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each

    source during the past twelve (12) months: _____

    _____

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐ Yes   ☐ No

    If the answer is yes, identify each account and separately state the amount of money held in each account for each of the *six (6) months prior* to the date of this declaration.

    _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes   ☐ No

    If the answer is yes, describe the property and state it approximate value: _____

    _____

5. In what year did you last file an Income Tax Return? _____

    Approximately how much income did your last tax return reflect? _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

    _____
    _____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| _____ | _____ |
| :---: | :---: |
| State | County (or City) |

I, _____, declare under penalty of perjury that the foregoing is true and correct.

| _____ | _____ |
| :---: | :---: |
| Date | Prisoner/Plaintiff (Signature) |

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

_____
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average of monthly deposits to the applicant's account was $_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____      _____
Date                         Authorized Officer of Institution (Signature)